## MESTAYER v. BERNARD et al.

### No. 1917.

Court of Appeal of Louisiana.
First Circuit.

Dec. 19, 1938.

Guidry & Willis, of St. Martinville, for appellant.

Otto J. Mestayer, of New Iberia, for appellee.

LeBLANC, Judge.

This is a suit brought to recover the sum of $350 said to have been the sale price of a Fordson Tractor equipped with a Thom Houston skidder, wire, ropes and three blocks, alleged to have been sold by him to the defendants Tom Bernard and Albert Stockstill.

In his petition plaintiff alleges that he had heretofore instituted a proceeding in rem in the Parish of Iberville, in which the property sold was at the time located, asking to enforce his vendor's lien and privilege and had had the same seized and sold in that proceeding but that he had realized nothing from the proceeds of the sale and that the whole amount of $350 is still due him.

The defendants in answer to the petition, in effect, admit that respondent Tom Bernard did agree to buy the equipment mentioned from plaintiff but on condition that the tractor could be operated successfully in the work of skidding logs in clearing a right of way in which the said Bernard was then engaged. It is averred that a few days after this agreement had been reached, plaintiff advised respondents that the tractor had been put in good working order but that when they attempted to use it after it had been delivered it could not be made to operate satisfactorily and that they spent approximately $100 in trying to make it work. Their efforts even then were unsuccessful and finally the defendant Bernard

was forced to buy another tractor at a cost of approximately $150.

The defendants aver that plaintiff practically agreed that in view of the trouble they had had with the tractor they would not have to pay the purchase price agreed upon and that on completion of their work, in accordance with his request they placed the skidder with the tractor Bernard had purchased on a dike at Grand River where it was accessible to plaintiff.

In the alternative, and in the event it would be held that the sale was not made on the condition set out in the answer, defendant Bernard pleads its invalidity and asks for its rescission on the ground of latent defects and vices in the tractor. Assuming then the position of a plaintiff in reconvention, defendant Bernard asks for damages against the plaintiff in the sum of $650 for the illegal and fraudulent seizure and sale of one of his own tractors instead of the one involved in the suit in the proceedings conducted in Iberville Parish.

Upon trial, the district judge rendered judgment in favor of the plaintiff and against the defendant Bernard for the full amount of the demand. The suit was dismissed as against the defendant Stockstill as it was shown that in conducting the negotiations leading to the sale he was acting only as the agent of Bernard and not as his partner or as a principal. The defendant Bernard has appealed and apparently the plaintiff is satisfied with the judgment insofar as it dismissed the defendant Stockstill from the action, as he has not answered the appeal.

■ The first impression we get from the pleadings and from the testimony as well, is that the tractor and skidder formed but one unit in the manner in which they were sold and afterwards used and that being so, we might state at the very outset that the defendant's virtual admission in his answer that he had used the skidder until he had completed the job for which it had been purchased and offered to return it with another secondhand tractor to the plaintiff does not accord so well with his defense that the tractor alone was sold under a warranty which had failed. Whilst it is true that in a redhibitory suit the court may decree merely a reduction of the price (R.C.C. art. 2544), we do not see how that

rule can be successfully invoked under the circumstances here where the suit is to recover the price of a whole unit and it is only with regard to a part of that unit that there is a charge of breach of warranty. Moreover it is not even suggested in the pleadings that the defendant is seeking such relief and there is no testimony to be found in the record on which the court could base an award for a reduction in the price of the tractor alone.

■ But we are satisfied, as was the district judge, that even the tractor, considered as a separate and distinct item, was sold and delivered in the condition in which plaintiff had agreed, which was to put it in good running condition. This is borne out in a measure by the testimony of the defendant himself who, when asked what would have been necessary to have put it in good condition when he bought it, answers: "They would have to change up the four spark plugs and work it up." This is exactly what was done to the tractor according to the testimony of the man employed for that very purpose, who says that he "ground the valves, put new plugs and put it in running condition".

That the tractor was in such condition as to perform the work for which it had been sold is further evidenced by the fact that the defendant used it for that very work for a period of at least thirty days. He used the skidder throughout the whole time he was on that particular job and never complained about anything whatever until the work had been completed. Rather significant also is the fact that the defendant, although personally served, completely ignored the proceeding in rem brought in Iberville Parish and in which he now claims that a tractor belonging to him other than the one plaintiff had sold him was seized and sold. It strikes us that he would have had the same defense which he now claims and then was the proper time for him to complain.

We find no more merit in the reconventional demand of the defendant than we do in his defense to the main demand. The case after all presents primarily questions of fact on which we have the benefit of a written opinion of the trial judge who has assigned good and sound reasons for the conclusions reached by him. Finding no manifest error in the judgment, the same is affirmed.